Shaw, C. J.
The court are of opinion that the ruling and instructions of the municipal court were right.
The statute on which the indictment was founded, Rev. Sts. c. 127, § 18, is extremely comprehensive. The object and policy of the statute, we think, are obvious. It is manifestly so difficult to prove the fact of actually making counterfeit coin, that the statute intended to make the possession of instruments adapted to counterfeiting, with the criminal intent to use them, or cause or permit them to be used, for that purpose, a crime subject to severe punishment. But the gist of the offence is the criminal intent, and therefore the fact of the possession of such an instrument being proved, the intent was rightly left to the jury.
But the same objection, substantially, is taken on a motion in arrest of judgment, and it is this; that the indictment sets forth, and the evidence proves, the defendant had in his possession a die, or instrument, adapted to make one side of a counterfeit half dollar, and not an entire half dollar; and therefore, though he so had it, with intent to use it, or cause it to be used, in counterfeiting, it is not an offence within the statute.
It appears to us, that this is founded upon a very imperfect and unsound view of the statute. This statute provides that l£ every person, who shall knowingly have in his possession any mould, pattern, die, puncheon, engine, press, or other tool or instrument, adapted and designed for coining or making any counterfeit coin, in the similitude of any gold or silver coin, current by law or usage in this State, with intent to use or employ the same, or to cause or permit the same to be used, in coining or making any such false and counterfeit coin, as aforesaid, shall be punished,” &c.
An instrument may be very well adapted and designed for coining, although not capable, of itself, of making both sides and every part of any one coin. Indeed it would be difficult to conceive of any instrument so capable “ Adapted for coin *224 ing” is matter of description, and applies to any instrument which may be used in the formation of any part of a coin; and the question of intent is always a fact to be proved; so that a person, possessing such instrument for any innocent purpose, would be in no danger of conviction. Any other construction would defeat the obvious purposes of the statute. A company of counterfeiters might be associated, one having instruments in his possession, in Roxbury, to cut the smooth round blanks; a second in Boston, to stamp one side ; a third in Charlestown, to stamp the other side, and complete the counterfeit; each with the guilty intent so to use and employ the instruments in his possession, but in different towns and 'counties. According to the construction of the statute, relied upon by the defendant, neither of them could be convicted. But the statute, we think, is not chargeable with this imbecility. It was intended to declare the possession of any instrument, fitted and adapted for counterfeiting, a crime, if intended to be used for that criminal purpose.
The specific ground of exception to the indictment is, that it charges the possession of a die, adapted and designed to im press one side of an American half dollar. This is a very goou description of an instrument adapted and designed for coining. The indictment then goes further, and charges that the defendant had this mould and pattern in his possession, with intent to use and employ the same, and cause the same to be used and employed, in making such counterfeit coin ; that is, entire counterfeit half dollars. This is the precise statute offence, and we think it is well stated and charged in the indictment. The motion in arrest of judgment, therefore, as well as the exceptions, must be overruled.